**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| ALI KAFI FORD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:23-CV-349 |
| | § | |
| NEDERLAND CHEMICAL, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Plaintiff, Ali Kafi Ford, an inmate confined at the Beto I Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights under pursuant to 42 U.S.C. § 1983 against Nederland Chemical.

## PROCEDURAL BACKGROUND

Final Judgment was entered in this case on April 17, 2026 (#21), after the court considered the Report and Recommendation ("Report") entered by the magistrate judge on March 17, 2026 (#18). No timely objections to this Report was received and the Report was adopted (#20). Plaintiff's Appeal was dismissed for want of prosecution on August 24, 2026 (#28).

Now pending are Plaintiff's Motions for Reconsideration in light of Objections he filed after the entry of Final Judgment (#24, #26). Plaintiff, in essence, is asking the Court to reconsider the Final Judgment in this action after considering his Objections filed April 30, 2026 (#22).

## DISCUSSION

### I. Federal Rule of Civil Procedure 59(e)

As the first motion was filed within 28 days of entry of the Final Judgment, it is appropriately considered a Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e).

The Supreme Court discussed the purpose of Rule 59(e) as follows:

> Rule 59(e) was added to the Federal Rule of Civil Procedure in 1946. Its draftsmen had a clear and narrow aim. According to the accompanying Advisory Committee Report, the Rule was adopted to "mak[e] clear that the district court possess the power" to rectify its own mistakes in the period immediately following the entry of judgment. . . . Consistently with this original understanding, the federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits.

*White v. New Hampshire Dep't of Emp't Sec.*, 455 U.S. 445, 450-51 (1982) (citations omitted). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citation omitted).

The United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") has observed that a Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted). The Fifth Circuit has repeatedly specified: "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted); *Naquin v. Elevating Boats, L.L.C.*, 817 F.3d 235, 240 n. 4 (5th Cir. 2016); *Winding v. Grimes*, 405 F. App'x 935, 937 (5th Cir. 2010). The decision to alter or amend a

judgment is committed to the sound discretion of the district judge and will not be overturned absence an abuse of discretion. *S. Contractors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 & n. 18 (5th Cir. 1993).

The magistrate judge recommended dismissing Plaintiff's claims against Nederland Chemical for lack of subject matter jurisdiction as Nederland Chemical is not a state actor. Plaintiff's Objections and first Motion for Reconsideration do not address the substance of the magistrate judge's analysis in dismissing his claims. He merely rehashes his complaints. Finding no manifest errors of law or fact warranting relief under Federal Rule of Civil Procedure 59(e), Plaintiff's Motion for Reconsideration (#24) is **DENIED**.

**II. Federal Rule of Civil Procedure 60(b)**

Plaintiff's second Motion for Reconsideration filed June 8, 2026 (#26), is properly construed under Federal Rule of Civil Procedure 60(b) as it was filed after 28 days from entry of Final Judgment.[1] A party seeking relief under Rule 60(b) must show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; or (6) any other reason justifying relief from the operation of judgment. FED. R. CIV. P. 60(b). Plaintiff does not assert any of the grounds required by Rule 60(b). Plaintiff offers no discussion as to the reasoning behind the magistrate judge's conclusions and simply rehashes his complaints. The court finds that Plaintiff has failed to provide

---

[1] Plaintiff did not date the motion nor indicate what date he placed the motion in the prison mailing system. The court uses the date the motion was filed with the court.

justification for altering the previous rulings of the court. Plaintiff's Motion for Reconsideration (#26) is **DENIED**.

**ORDER**

Plaintiff's Motions for Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e) and 60(b) (#24, #26) are **DENIED**. It is, further,

**ORDERED** that Plaintiff's Motion for Extension of Time to File Objections (#22) is **DISMISSED** as **MOOT**. It is, further,

**ORDERED** that Plaintiff's motion to Amend (#24) is **DENIED** as Plaintiff does not offer a proposed amended complaint for this court's review, nor any justification to amend the complaint after entry of Final Judgment.

SIGNED at Beaumont, Texas, this 29th day of August, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE